# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# Southern Division

| | | |
|---|---|---|
| **Keneth Clark** | : | |
| **Plaintiff,** | : | Civil Action No.: 8:17-cv-03748-GJH |
| v. | : | **JURY DEMANDED** |
| **ACE AFCME Local 2250** | : | |
| **Defendant.** | : | |

## AMENDED COMPLAINT

Keneth Clark ("Plaintiff") brings this cause of action against his former employer, ACE AFCME Local 2250 ("AFCME"), alleging discrimination, harassment and retaliation on the basis of his race in violation of 42 U.S.C. Section 1981 and violations of the Fair Labor Standards Act.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of the instant complaint pursuant 28 U.S.C. § 1331 because the plaintiff brings an action arising under the laws of the United States.

2. Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391 because the unlawful employment practices were committed and the employment records were maintained, in whole or in part, in this District.

## II. PARTY

3. Plaintiff, Keneth Clark, is a citizen of the United States. He resides in Maryland and is over the age of majority. Plaintiff's employment with Defendant ended on February 28, 2015.

4. Defendant, ACE AFCME Local 2250 is a Union or organized bargaining representative on behalf of teachers in Prince George's County, Maryland public schools. At all times relevant Defendant employed, Plaintiff.

## III. FACTS

### A. Background

5. Plaintiff is an African American male. AFCME hired Plaintiff in the summer of 2012. He was original supervised by James Spears, Jr., who is African American. In August of 2014, Wanda Twigg ("Twigg") became the Executive Director and began supervising Plaintiff.

6. Twigg, who is a white female, treated Plaintiff's white counterparts or peers more favorably. Although Plaintiff worked full time, forty hours per week, Twigg refused to provide health care benefits to Plaintiff. His white counterparts were afforded health benefits.

7. Twigg refused to pay Plaintiff when he worked holidays. She paid his white counterparts for holidays worked.

8. When Plaintiff worked in excess of 40 hours per week, Twigg did not pay overtime to him. When his white counterparts worked in excess of 40 hours, they were paid overtime.

9. Twigg yelled at Plaintiff repeatedly and treated him in a hostile and unprofessional manner. She referred to African American employees as "you people." She spoke disdainfully of African American teachers, stating openly that "you people think we are

always here to get you out of trouble." The majority of the Union's members, in fact, are African American teachers.

10. On one occasion, she gave an African American a card with monkeys on the card. The employee complained of the racial insensitivity.

11. Plaintiff complained to Twigg about her disparate and hostile treatment. His complaints were never investigated or acknowledged.

12. Although Plaintiff had no history of discipline and performed the duties and requirements of his position optimally, Twigg terminated his employment on February 28, 2015.

13. Twigg replaced Plaintiff with a white employee.

### IV. CLAIMS

**COUNT I – RACE DISCRIMINATION IN VIOLATION OF 42 USC 1981**

14. Plaintiff incorporates and re-alleges paragraphs one (1) through 13 as if fully set forth herein and further alleges as follows:

15. Defendant, through its Executive Director, treated Plaintiff less favorably than white employees in compensation and the terms and conditions of his employment. Defendant ultimately terminated Plaintiff based on his race. Defendant also subjected Plaintiff to a hostile work environment because of his race by verbally attacking plaintiff, engaging in demeaning conduct and making off-color remarks in the work place about African Americans.

16. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, compensatory and punitive damages to make him whole, in addition to attorney fees, case expenses and costs.

## COUNT II – RETALIATION IN VIOLATION OF 42 USC 1981

17. Plaintiff incorporates and re-alleges paragraphs one (1) through 13 as if fully set forth herein and further alleges as follows:

18. Defendant subjected Plaintiff to disparate treatment and ultimately terminated him as a result of his engaging in protected activity by complaining of her discriminatory treatment.

19. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make him whole, in addition to attorney fees and costs.

## COUNT III – FAIR LABOR STANDARDS ACT

20. Plaintiff incorporates and re-alleges paragraphs one (1) through 16 as if fully set forth herein and further alleges as follows:

21. Defendant failed to pay overtime to Plaintiff for hours Defendant suffered and permitted Plaintiff to work in excess of forty per week. Plaintiff is not exempt from the overtime provisions of the Fair Labor Standards Act (29 U.S.C. §201, *et. seq*.). Defendant also retaliated against Plaintiff for complaining about Defendant's failure to pay overtime by terminating his employment.

22. As a direct and proximate result of Defendant's conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Defendant's conduct was willful and deliberate and Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make him whole, in addition to attorney fees and costs.

**V.      RELIEF**

26.     Plaintiff requests a declaratory judgment determining that Defendant discriminated and retaliated against Plaintiff and violated his rights as secured by the 42 U.S.C. 1981 and that further, Defendant violated Plaintiff's rights under the Fair Labor Standards Act by failing to pay Plaintiff overtime and that the Court issue an order enjoining Defendant from further discrimination, retaliation and violation of his Plaintiff's rights.

23.     Plaintiff seeks equitable relief from Defendant including back pay and front pay.

24.     Plaintiff seeks compensatory damages, punitive damages to deter Defendant from future conduct, and attorney's fees, expenses and costs in amounts to be by a jury.

25.     Plaintiff requests other and further relief as justice may require.

**J U R Y   T R I A L   D E M A N D E D**

Dated this 14th day of May, 2018.

/s/Eden Brown Gaines
Eden Brown Gaines
Brown Gaines, LLC
840 First Street, NE
3rd Floor
Washington, DC 20002
Main (202) 248-5032
Fax (301) 542-0032
egaines@browngaines.com

## **CERTIFICATE OF SERVICE**

I certify that a true and accurate copy of the foregoing *Plaintiff's Motion to Amend Complaint and Amended Complaint* was served this 14th day of May, 2018 upon the following via this Court's ECF System:

>Mark J. Murphy
>Mooney, Green, Saindon, Murphy & Welch, P.C.
>1920 L Street NW
>Suite 400
>Washington, DC 20036
>(202) 783-0010


/s/Eden Brown Gaines
Eden Brown Gaines