IN THE UNITED STATES DISTRICT COURT
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| **KENETH CLARK,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-17-3748 |
| **ACE AFSCME LOCAL 2250,** | * | |
| Defendant. | * | |

**MEMORANDUM OPINION**

In this action, a jury returned a verdict in Plaintiff Keneth Clark's favor against Defendant ACE AFSCME Local 2250 (the "Union") based on violations of 42 U.S.C. § 1981. ECF No. 53. Pending before the Court is Plaintiff's Motion for Attorney Fees and Costs, ECF No. 72. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiff's Motion is granted in the amount of $68,165.38.

**I.   BACKGROUND**

On August 2, 2021, a jury returned a verdict in favor of Plaintiff finding that Defendant discriminated against Plaintiff by terminating him because of his race and by subjecting him to a hostile work environment because of his race in violation of 42 U.S.C. § 1981. ECF No. 53. The jury awarded Plaintiff $50,000 in compensatory damages and $150,000 in punitive damages. *Id.* The jury also found that Defendant failed to pay Plaintiff overtime rates for hours worked in excess of forty per week. *Id.*

On May 11, 2022, after briefing on the issues of front and back pay, this Court entered judgment in favor of Plaintiff and against the Defendant in the total amount of $438,028.34,

1

consisting of $50,000 in compensatory damages, $150,000 in punitive damages, $186,929.85 in back pay and prejudgment interest, $50,990.86 in front pay, and $107.63 in overtime pay. ECF No. 69.

On May 26, 2022, Plaintiff filed a Motion for Attorney Fees, ECF No. 72, and on June 9, 2022, Defendant filed a response, ECF No. 75. On June 17, 2022, Plaintiff filed a Motion for Extension of Time to File a reply to Defendant's response, ECF No. 79, which the Court granted and gave Plaintiff seven days from the filing of its November 14, 2022, Order to submit his reply. ECF No. 88. Plaintiff submitted his reply to Defendant's response on November 21, 2022. ECF No. 89.

## II.  DISCUSSION

Plaintiff submitted his Motion for Attorney Fees and Costs requesting $121,233.62 in fees and $1,546.63 in costs, plus an additional $7,102.50 for fees associated with Plaintiff's post trial work. ECF No. 72; ECF No. 89 at 7. Defendant submitted a response positing that the appropriate award is $36,869.44 in fees, and $1,472.44 in costs as Plaintiff's hourly rates are not reasonable and should be based on the Local Rules, and that Plaintiff's failure to submit the required quarterly statements warrants a reduction in fees. ECF No. 75.

When reviewing a fee petition, "a court uses the 'lodestar method.' The court multiplies the number of hours reasonably expended by the attorney[] times their reasonable hourly rates. The court then decides whether the lodestar fee should be enhanced or reduced in light of the litigation result obtained." *Blake v. Balt. Cnty., Md.*, 12 F. Supp. 3d 771, 774 (D. Md. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under 42 U.S.C. § 1988, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs. The purpose of [§] 1988 is to ensure effective access to the judicial process" for persons with

civil rights grievances. *Corral v. Montgomery Cnty.*, 91 F. Supp. 3d 702, 708 (D. Md. 2015) (quoting *Hensley*, 461 U.S. at 429). "The proper calculation of an attorney's fee award involves a three-step process. First, the court must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" *McAfee v. Boczar,* 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). "Determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of a requested rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d at 244. "The fee applicant must produce satisfactory specific evidence of the prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* "The community in which the court sits is the first place to look to in evaluating the prevailing market rate." *Grissom v. The Mills Corp.*, 549 F.3d 313, 321 (4th Cir. 2008). The evidence that courts in this circuit have "deemed competent to show prevailing market rates includes affidavits of other local lawyers who are familiar both with the skills of the fee applicants and more generally with the type of work in the relevant community." *Boczar,* 738 F.3d at 91. After the lodestar figure is determined, the Court must next "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *Id.* at 88. "Finally, the court should award some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

    **A. Reasonable Hourly Rate**

To support Plaintiff's burden to establish a reasonable hourly rate, Plaintiff submits an affidavit from his attorney, an affidavit from an attorney who has experience in the employment discrimination sector, and the hourly rates as determined by the Laffey Matrix, which provides attorney rates by years of experience post law school, and is "an official statement of market-

3

supported reasonable attorney fee rates which was adopted, and is periodically updated, by the United States Court of Appeals for the District of Columbia." ECF Nos. 72-1, 72-2, 72-4; *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d at 244. Plaintiff's attorney's hourly rates as submitted to the Court, ECF No. 72-3, appear to follow the Laffey Matrix, ranging anywhere from $586 per hour to $919 per hour. The hourly rates for Plaintiff's attorney's paralegal, are higher than the Laffey Matrix, and according to Plaintiff's counsel, is set at $300 per hour, and has been since 2015. ECF No. 72-1 ¶ 13. According to Plaintiff's attorney, the rates identified by the Laffey Matrix are reasonable because "[a]ttorneys in employment discrimination cases customarily utilize the Laffey Matrix, together with affidavits from other counsel in a similar practice in the same area, as evidence of the prevailing market rate," and "Pamela Lewis Ashby, who similarly represents plaintiffs in employment discrimination cases, also utilizes the Laff[e]y matrix and attests that the hourly rate is reasonable based on the matrix and law supporting it." ECF No. 72 at 6.

However, Plaintiff has not provided evidence that the Laffey Matrix, primarily used in Washington, D.C., is a reliable indicator for the hourly rates of attorneys in Maryland. *See Grissom*, 549 F.3d at 321 (holding that "the community in which the court sits is the first place to look in evaluating the prevailing market rate," and that "Plaintiff offered no specific evidence that the hourly rates sought for his attorneys coincided with the then prevailing market rates of attorneys in the [market where the Court sat] of similar skill and for similar work, which our case law required him to do."). *See also Robinson v. Equifax Info. Servs., LLC*, 560 F.3d at 247 (reducing the hourly rate in a contingency based case because Plaintiff did not show that the Laffey Matrix was a reliable indicator of prevailing rates of attorneys in the relevant market of Alexandria, Virginia, (outside of Washington, D.C.) for similar work); *Life Techs. Corp. v. Life*

*Techs. Corp.*, No. RWT 10CV3527, 2012 WL 4748080, at *2 (D. Md. Oct. 2, 2012) (holding that "[t]he Fourth Circuit and this Court have held numerous times that the Laffey Matrix is not 'sufficient evidence of the prevailing market rate' in this jurisdiction or other areas bordering the District of Columbia, which tends to have higher prevailing rates.").

To further support his argument of reasonableness, Plaintiff states that the rates identified in Appendix B of the Local Rules are outdated as they were last updated nearly eight years ago, or in July 2014, and that the Court is not bound by these rates. ECF No. 72 at 8. Plaintiff is correct, as the Local Rule guidelines for hourly rates are practical guidance that are used to guide the Court in its analysis. They permit consideration of other factors and case law, and the case law supports deviation from its rates. The Court has also reviewed the cases cited by Plaintiff in its Motion, and in its Reply, where courts have exercised discretion in going above the Local Rule guidelines; however, none of the rates established by the courts in these cases were anywhere near as high as the hourly rates that Plaintiff's counsel uses to bill clients. The Court further analyzes the *Johnson* factors to determine a reasonable rate.

To ascertain what is reasonable, the court must apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The *Johnson* factors, as used by the Fourth Circuit are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d at 243–44.

The Court will briefly review the most salient factors in this case. This case has been litigated for over four years through trial and post-trial proceedings. The nature of the case (race discrimination) is of the type where direct evidence is often lacking and thus requires more time, effort, and skill from an attorney to piece together a strong case to convince a jury. The Local Rules provide that for lawyers admitted to the bar for twenty years or more, a reasonable hourly rate is $300-$475. For lawyers admitted to the bar for fifteen to nineteen years, a reasonable hourly rate is $275-$425. For paralegals and law clerks a reasonable rate is $95-$150. The trial occurred shortly after the courts re-opened post-pandemic. Plaintiff also notes that studies show the majority of discrimination cases are dismissed at summary judgment. ECF No. 72 at 6–7. Plaintiff sought back pay, front pay, compensatory damages, and punitive damages and was awarded all the relief he sought. As of 2022, Plaintiff's counsel has more than twenty-three years of experience and has litigated several discrimination trials and brought several successful claims in federal courts and in administrative tribunals.

Having taken these factors into consideration, the Court will apply an hourly rate of $450 for work billed prior to 2018 (before Plaintiff's attorney reached twenty years of practice), and an hourly rate of $500 for 2018 and each year thereafter, which represents a $25 dollar increase on the higher end of each range as identified in the Local Rules; and a rate of $150 per hour for counsel's paralegal. These rates reflect the complexity of the case, Plaintiff's attorney's experience, and encourages other attorneys to continue offering legal representation in potentially undesirable litigation such as this one. The appropriate attorney's fees award is therefore $70,125.00.

### B. Subtraction of Fees

The second step in the process is where the Court "must subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Defendant argues that Plaintiff did not succeed on his retaliation claim as summary judgment was entered in favor of Defendant, and therefore Plaintiff's attorney's hours prior to that time should be reduced by one-third. ECF No. 75 at 11. The Court will decline to reduce Plaintiff's attorney's hours on this basis as all the claims were premised on the same nucleus of operative facts, and the Court finds that it is not possible at this juncture to separate what was done for the retaliation claim and what was not. *See Corral v. Montgomery Cnty.*, 91 F. Supp. at 719 (stating that it would not reduce Plaintiff's award because "[t]he two claims ar[o]se out of the same set of facts and legal theories. It is unrealistic (and possibly impossible) to separate what time was spent on the Due Process claim as opposed to the First Amendment claim."). Because the Court finds that the retaliation claim was related to the successful claims, the Court will not reduce Plaintiff's attorney's fee for this reason.

Defendant also argues that Plaintiff's attorney fee should be reduced for failure to submit quarterly statements. The Local Rules provide that "counsel for a party intending to seek fees if the party prevails shall submit to opposing counsel quarterly statements showing the amount of time spent on the case and the total value of that time." "Failure to submit these statements may result in a denial or reduction of fees." "The first such statement is due at the end of the first quarter in which the action is filed." Loc. R. App. B. Guideline 1.c. Defendant requested these statements on February 18, 2020, "dating back from the end of the first quarter when this action was filed up to the present time."

ECF No. 75-2. Defendant states that Plaintiff provided a statement from December 2015 through February 23, 2020 and has not provided a statement since that point. ECF No. 75 at 9. From the date of the Defendant's request until the date of the filing of the fee petition, May 26, 2022, nine reports should have been filed. The Court will accordingly reduce Plaintiff's fee by 5%. *See Blake*, 12 F. Supp. 3d at 779 (reducing the fee by 5% when the attorney failed to file fourteen reports). The new fee, accounting for the 5% reduction is $66,618.75.

Next, the Defendant argues that Plaintiff's time spent on preparing the fee petition is excessive, stating that Plaintiff's opposition to Summary Judgment motion (6.3 attorney hours and 2.3 paralegal hours), and filing for relief (5.1 attorney hours), took less time than the instant fee petition (10.1 attorney hours and 1 paralegal hour). Plaintiff states that she does not regularly draft fee petitions, so where the other motions benefitted from her experience and knowledge of the case law, the fee petition required more time because she needed to engage in more research of the case law, draft an affidavit, secure a supporting affidavit, and verify time entries. *See* ECF No. 89 at 5–6. Because these are reasonable considerations, the Court will not reduce Plaintiff's fee petition hours.

Defendant also states that the "best buy computer accessory" that Plaintiff has listed under costs is "not unique to this case" and should be eliminated. Plaintiff states that the computer adapter was so she could publish exhibits to the Court and the jury, and was purchased solely for this case. The Court will not reduce the costs.

### C. Degree of Success

The final step in the process is for the Court to look at the degree of success enjoyed by the Plaintiff. The Plaintiff in this case was awarded $50,000 in compensatory

damages, $150,000 in punitive damages, $186,929.85 in back pay and prejudgment interest, $50,990.86 in front pay, and $107.63 in overtime pay, totaling $438,028.34. There is no substantial disparity between the degree of success in this case and the fee award of $66,618.75. *Cf. Boczar,* 738 F.3d at 94 (holding that the substantial difference between the fee award and the success at trial undermined a fee award approximately 109 times the amount of the verdict). Accordingly, the Court will not further reduce Plaintiff's attorney's fees.

### III.  CONCLUSION

For these reasons, the Court finds that an award of $66,618.75 in fees and $1,546.63 in costs are appropriate. A separate Order follows.

Date: <u>December 13, 2022</u>                                __/s/_____
                                                                            GEORGE J. HAZEL
                                                                            United States District Judge